1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT
10                   EASTERN DISTRICT OF CALIFORNIA
11
12
13

| | |
|---|---|
| ENRIQUE FUENTES, | )   1:12-cv—01285-SKO-HC |
| | ) |
|           Petitioner, | )   ORDER DISMISSING THE PETITION |
| | )   WITHOUT LEAVE TO AMEND (DOC. 1) |
| | )   AND DECLINING TO ISSUE A |
|      v. | )   CERTIFICATE OF APPEALABILITY |
| | ) |
| CDCR, | )   ORDER DIRECTING THE CLERK TO |
| | )   CLOSE THE CASE |
|           Respondent. | ) |
| | ) |

     Petitioner is a state prisoner proceeding pro se and in
forma pauperis with what has been docketed as a petition for writ
of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28
U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction
of the United States Magistrate Judge to conduct all further
proceedings in the case, including the entry of final judgment,
by manifesting consent in a signed writing filed by Petitioner on
August 20, 2012 (doc. 4).  Pending before the Court is the

1  petition filed by Petitioner on August 7, 2012.

2      I.  Screening the Petition

3      Rule 4 of the Rules Governing § 2254 Cases in the United

4  States District Courts (Habeas Rules) requires the Court to make

5  a preliminary review of each petition for writ of habeas corpus.

6  The Court must summarily dismiss a petition "[i]f it plainly

7  appears from the petition and any attached exhibits that the

8  petitioner is not entitled to relief in the district court...."

9  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

10  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

11  1990).  Habeas Rule 2(c) requires that a petition 1) specify all

12  grounds of relief available to the Petitioner; 2) state the facts

13  supporting each ground; and 3) state the relief requested.

14  Notice pleading is not sufficient; the petition must state facts

15  that point to a real possibility of constitutional error.  Rule

16  4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,

17  915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75

18  n.7 (1977)).  Allegations in a petition that are vague,

19  conclusory, or palpably incredible are subject to summary

20  dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

21      The Court may dismiss a petition for writ of habeas corpus

22  either on its own motion under Habeas Rule 4, pursuant to the

23  respondent's motion to dismiss, or after an answer to the

24  petition has been filed.  Advisory Committee Notes to Habeas Rule

25  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

26  (9th Cir. 2001).  A petition for habeas corpus should not be

27  dismissed without leave to amend unless it appears that no

28  tenable claim for relief can be pleaded were such leave granted.

2

1    Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2       Here, Petitioner filed a document, which was docketed as a

3 petition for writ of habeas corpus, in which he indicates that he

4 is incarcerated at the California Institution for Men at Chino,

5 California, which is located outside the territory of the Eastern

6 District of California, and is serving a three-year sentence

7 imposed in February 2012 in the Kern County Superior Court.  The

8 document is addressed to this Court, and specifically to the

9 Clerk of the Court.  Petitioner states that on February 24, 2012,

10 a "possible hold" was placed on him by the United States

11 Immigration and Customs Enforcement Unit; however, Petitioner

12 further alleges that in February 2007, he was sworn in as a

13 United States citizen in Fresno California.  Petitioner states

14 that the possible hold is erroneous, and he requests the Clerk to

15 write a letter to the staff of the California Department of

16 Corrections and Rehabilitation (CDCR) to inform them of

17 Petitioner's correct name and citizenship.  Petitioner requests

18 the Clerk thus to help him remove the possible

19 exclusion/deportation hold, and to forward the letter to various

20 institutional entities.

21       II.  Dismissal of the Petition

22       Although the document filed by Petitioner was docketed as a

23 petition for writ of habeas corpus, Petitioner was actually

24 corresponding with the Clerk of the Court concerning

25 documentation regarding Petitioner's citizenship.  In light of

26 the requirements for a petition for writ of habeas corpus, it is

27 evident that the document Petitioner filed is not a petition

28 challenging the legality or duration of his confinement.

1   A federal court may only grant a state prisoner's petition

2   for writ of habeas corpus if the petitioner can show that "he is

3   in custody in violation of the Constitution or laws or treaties

4   of the United States."  28 U.S.C. § 2254(a).  "Custody" is not

5   limited to actual physical incarceration; a petitioner is in

6   "custody" if he is subject to restraints not shared by the public

7   generally.  Jones v. Cunningham, 371 U.S. 236, 243 (1963).  A

8   petitioner must be in custody with respect to the conviction or

9   restraint he attacks in the petition.  See, Maleng v. Cook, 490

10  U.S. 488, 490-492 (1989).

11   Here, Petitioner is in state custody pursuant to a criminal

12  conviction which has not been challenged in this proceeding;

13  Petitioner repeatedly refers to a "possible" federal hold, but

14  Petitioner has not alleged any facts showing actual custody

15  pursuant to a hold or restraint in violation of the Constitution,

16  law, or treaties of the United States.

17   A habeas corpus petition is the correct method for a

18  prisoner to challenge the legality or duration of his

19  confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)

20  (quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973));

21  Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  Again,

22  Petitioner's allegations of a "possible" hold do not address the

23  legality or duration of his confinement.

24   Further, a petition for writ of habeas corpus brought on

25  behalf of one in custody under a state court judgment shall

26  allege the name of the person who has custody over the applicant

27  as respondent.  28 U.S.C. § 2242; Habeas Rule 2(a).  A failure to

28  name the proper respondent destroys personal jurisdiction.

4

1  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.

2  1994).  The warden of the penitentiary where a prisoner is

3  confined constitutes the custodian who must be named in the

4  petition, and the petition must be filed in the district of

5  confinement.  Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir.

6  2003).  Here, Petitioner has not named a proper respondent.

7      Statutory provisions permit the filing of a habeas petition

8  challenging a conviction in the district of confinement or the

9  district of conviction.  28 U.S.C. § 2241(d).  Such a petition

10  should generally be decided by the district in which the

11  conviction was sustained.  Laue v. Nelson, 279 F.Supp. 265, 266

12  (C.D.Cal. 1968).  However, when the petition is directed to the

13  manner in which a sentence is being executed, such as a claim

14  concerning parole or time credits, the district of confinement is

15  the preferable forum.  Dunne v. Henman, 875 F.2d 244, 249 (9th

16  Cir. 1989).

17      Here, Petitioner complains of matters affecting the

18  execution of his sentence; a possible immigration hold does not

19  involve Petitioner's criminal conviction.  Because Petitioner's

20  concern is a possible immigration hold, his criminal conviction

21  is not in issue.  Thus, if Petitioner were to file a habeas

22  petition regarding a hold from the immigration authorities, the

23  petition would be filed in the district of Petitioner's

24  confinement and not in the Eastern District.

25      Finally, 28 U.S.C. § 2242 provides that an application for a

26  writ of habeas corpus shall be in writing and be signed and

27  verified by the person for whose relief it is intended or by

28  someone acting in his behalf.  Here, Petitioner's document is not

1  verified.

2      In summary, Petitioner has not alleged facts entitling him

3  to relief in a proceeding pursuant to 28 U.S.C. § 2254.  However,

4  even if leave to amend were granted, the possibility of an

5  immigration hold would not be sufficient to constitute custody.

6  Further, a petition concerning an immigration hold would

7  challenge not Petitioner's criminal conviction, but rather

8  matters affecting the execution of his sentence, and thus would

9  appropriately be filed in the district of Petitioner's

10 confinement.  It therefore does not appear that Petitioner could

11 allege a tenable claim for relief if leave to amend were granted.

12     The Court will, therefore, dismiss the petition without

13 leave to amend.

14     III.  Certificate of Appealability

15     Unless a circuit justice or judge issues a certificate of

16 appealability, an appeal may not be taken to the Court of Appeals

17 from the final order in a habeas proceeding in which the

18 detention complained of arises out of process issued by a state

19 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

20 U.S. 322, 336 (2003).  A certificate of appealability may issue

21 only if the applicant makes a substantial showing of the denial

22 of a constitutional right.  § 2253(c)(2).  Under this standard, a

23 petitioner must show that reasonable jurists could debate whether

24 the petition should have been resolved in a different manner or

25 that the issues presented were adequate to deserve encouragement

26 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

27 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

28 certificate should issue if the Petitioner shows that jurists of

6

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV.  Disposition

Accordingly, it is ORDERED that:

1)  The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2)  The Court DECLINES to issue a certificate of appealability; and

7

        3)   The Clerk is DIRECTED to close the case.



    IT IS SO ORDERED.

**Dated:   October 16, 2012**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE