UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE FUENTES,<br><br>             Petitioner,<br><br>    v.<br><br>CDCR,<br><br>             Respondent. | ) 1:12-cv–01285-SKO-HC<br>)<br>) ORDER DISMISSING THE PETITION<br>) WITHOUT LEAVE TO AMEND (DOC. 1)<br>) AND DECLINING TO ISSUE A<br>) CERTIFICATE OF APPEALABILITY<br>)<br>) ORDER DIRECTING THE CLERK TO<br>) CLOSE THE CASE<br>)<br>) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with what has been docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on August 20, 2012 (doc. 4). Pending before the Court is the

petition filed by Petitioner on August 7, 2012.

## I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.

1  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2      Here, Petitioner filed a document, which was docketed as a
3  petition for writ of habeas corpus, in which he indicates that he
4  is incarcerated at the California Institution for Men at Chino,
5  California, which is located outside the territory of the Eastern
6  District of California, and is serving a three-year sentence
7  imposed in February 2012 in the Kern County Superior Court.  The
8  document is addressed to this Court, and specifically to the
9  Clerk of the Court.  Petitioner states that on February 24, 2012,
10 a "possible hold" was placed on him by the United States
11 Immigration and Customs Enforcement Unit; however, Petitioner
12 further alleges that in February 2007, he was sworn in as a
13 United States citizen in Fresno California.  Petitioner states
14 that the possible hold is erroneous, and he requests the Clerk to
15 write a letter to the staff of the California Department of
16 Corrections and Rehabilitation (CDCR) to inform them of
17 Petitioner's correct name and citizenship.  Petitioner requests
18 the Clerk thus to help him remove the possible
19 exclusion/deportation hold, and to forward the letter to various
20 institutional entities.

21     II.  Dismissal of the Petition

22     Although the document filed by Petitioner was docketed as a
23 petition for writ of habeas corpus, Petitioner was actually
24 corresponding with the Clerk of the Court concerning
25 documentation regarding Petitioner's citizenship.  In light of
26 the requirements for a petition for writ of habeas corpus, it is
27 evident that the document Petitioner filed is not a petition
28 challenging the legality or duration of his confinement.

3

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Custody" is not limited to actual physical incarceration; a petitioner is in "custody" if he is subject to restraints not shared by the public generally. Jones v. Cunningham, 371 U.S. 236, 243 (1963). A petitioner must be in custody with respect to the conviction or restraint he attacks in the petition. See, Maleng v. Cook, 490 U.S. 488, 490-492 (1989).

Here, Petitioner is in state custody pursuant to a criminal conviction which has not been challenged in this proceeding; Petitioner repeatedly refers to a "possible" federal hold, but Petitioner has not alleged any facts showing actual custody pursuant to a hold or restraint in violation of the Constitution, law, or treaties of the United States.

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. Again, Petitioner's allegations of a "possible" hold do not address the legality or duration of his confinement.

Further, a petition for writ of habeas corpus brought on behalf of one in custody under a state court judgment shall allege the name of the person who has custody over the applicant as respondent. 28 U.S.C. § 2242; Habeas Rule 2(a). A failure to name the proper respondent destroys personal jurisdiction.

4

Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003). Here, Petitioner has not named a proper respondent.

Statutory provisions permit the filing of a habeas petition challenging a conviction in the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). Such a petition should generally be decided by the district in which the conviction was sustained. Laue v. Nelson, 279 F.Supp. 265, 266 (C.D.Cal. 1968). However, when the petition is directed to the manner in which a sentence is being executed, such as a claim concerning parole or time credits, the district of confinement is the preferable forum. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner complains of matters affecting the execution of his sentence; a possible immigration hold does not involve Petitioner's criminal conviction. Because Petitioner's concern is a possible immigration hold, his criminal conviction is not in issue. Thus, if Petitioner were to file a habeas petition regarding a hold from the immigration authorities, the petition would be filed in the district of Petitioner's confinement and not in the Eastern District.

Finally, 28 U.S.C. § 2242 provides that an application for a writ of habeas corpus shall be in writing and be signed and verified by the person for whose relief it is intended or by someone acting in his behalf. Here, Petitioner's document is not

5

verified.

In summary, Petitioner has not alleged facts entitling him to relief in a proceeding pursuant to 28 U.S.C. § 2254.  However, even if leave to amend were granted, the possibility of an immigration hold would not be sufficient to constitute custody. Further, a petition concerning an immigration hold would challenge not Petitioner's criminal conviction, but rather matters affecting the execution of his sentence, and thus would appropriately be filed in the district of Petitioner's confinement.  It therefore does not appear that Petitioner could allege a tenable claim for relief if leave to amend were granted.

The Court will, therefore, dismiss the petition without leave to amend.

### III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV.  Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2) The Court DECLINES to issue a certificate of appealability; and

7

3) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:   October 16, 2012**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE

Case 1:12-cv-01285-SKO   Document 5   Filed 10/17/12   Page 8 of 8